# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DIRUBY THOMAS FOSTER (D-1),

    Defendant.
_____/

Criminal Case No. 02-80616

HONORABLE DENISE PAGE HOOD

## ORDER DENYING MOTION FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES TO CRACK COCAINE OFFENSE

This matter is before the Court on Defendant Diruby Thomas Foster's Motion for a Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2). On October 2, 2003, Foster entered a plea of guilty to Counts I and II of the First Superseding Indictment: Felon in Possession of a Firearm, 18 U.S.C. § 922(g) (Count I) and Possession with Intent to Distribute Cocaine Base (Crack), 18 U.S.C. 841(a)(1). Foster was sentenced on February 5, 2004 to current sentences of 120 months as to Count I and 200 months as to Count II. (2/5/2004 Judgment) Foster appealed the Judgment, which was affirmed by the Sixth Circuit Court of Appeals on April 14, 2005. Foster filed a Motion to Vacate Sentence under 28 U.S.C. § 2255 which was denied by the Court on July 31, 2006. (7/31/2006 Order) Foster filed a second § 2255 motion which was transferred to the Sixth Circuit Court of Appeals as a successive motion on January 31, 2011. (1/31/2011 Order) The Sixth Circuit Court of Appeals found that the matter was instead a § 2241 motion which should have been filed before the district court where Foster was imprisoned--the Central District of California. (Order, Doc. No. 113).

On July 18, 2011, Foster filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses. A response by the Government opposing the motion was filed and a reply to the response was filed by Foster. The United States Probation Office determined that Foster was not eligible for a sentence reduction because Foster is considered a career offender and that based on this status, the guideline range remains at 188 to 235 months for Counts I and II.

In 1987, the United States Sentencing Commission adopted a 100 to 1 ratio with regards to treating every gram of crack cocaine as the equivalent of 100 grams of powder cocaine when it first promulgated the Guidelines. *Kimbrough v. United States,* 522 U.S. 85 (2007). In 2007, the Commission amended the Guidelines to reduce by two levels the base offense level associated with each quantity of crack cocaine. See USSG Supp. App. C, Amend. 706 (effective Nov. 1, 2007). In 2008, the Commission made the amendment retroactive. *Id.*, Amend. 713 (effective Mar. 3, 2008). On August 3, 2010, the Fair Sentencing Act of 2010 was signed, which altered, prospectively, the amount of crack cocaine that triggers the mandatory 60-month statutory minimum sentences from five grams to 28 grams. The Commission amended the applicable sentencing guidelines to comport with and implement the Act. The Commission revised the drug quantity table in USSG § 2D1.1(c) by reducing the base offense level for most cocaine base offenses. The Commission voted on June 30, 2011 to give retroactive effect to the guideline amendments, effective November 1, 2011. USSG App. C, Amend. 750; USSG § 2D1.1(c). If a defendant's sentencing range is derived based on other factors apart from a cocaine base offense, such as career offender guidelines, the defendant is ineligible for a reduction under § 3582(c)(2). *See, United States v. Payton,* 617 F.3d 911, 913 (6th Cir. 2010) and *United States v. Williams,* 607 F.3d 1123, 1125-26 (6th Cir. 2010)(Amendment 750 did not lower the career offender sentencing guidlines range.).

The Court finds Foster is not eligible for a reduction of his sentence under the Fair Sentencing Act of 2010 and 18 U.S.C. § 3582(c). Foster's sentencing guideline range was based on his status as a career offender. The Sixth Circuit has held that if the sentencing guideline range is based on a defendnat's status as a career offender, the defendnat is ineligible for a reduction of the sentence previously imposed. *Payton,* 617 F.3d at 913; *Williams,* 607 F.3d at 125-26.

Accordingly,

IT IS ORDERED that Defendant's Motion for Retroactive Application of Sentencing Guidlines to Crack Cocaine Offense under 18 U.S.C. § 3582 **(No. 106)** is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Appoint Counsel **(No. 109)** is DENIED as MOOT.

IT IS FURTHER ORDERED that Defendant's Motion for Final Disposition on the Pending Motion for Retroactive Application of Sentencing Guidelines **(No. 112)** is GRANTED.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 20, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 20, 2013, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager